**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARTIN W. NOTHSTEIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. _____ |
| | : | |
| USA CYCLING, | : | |
| | : | |
| Defendant. | : | |

### NOTICE OF REMOVAL

**TO:   CLERK OF THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

United States District Court
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Defendant, USA Cycling, Inc. (incorrectly named "USA Cycling") (hereinafter "Defendant" or "USA Cycling"), by and through its undersigned counsel, hereby files this Notice of Removal of the above-captioned case from the Court of Common Pleas of Lehigh County, Pennsylvania, in which this case is now pending, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332 and 1441, and in support thereof, avers as follows:

1.     This action was commenced by Writ of Summons filed in the Court of Common Pleas of Lehigh County, Pennsylvania, on February 8, 2019 and is docketed at Civil Division, No. 2019-C-0429 (hereinafter "State Action").  A copy of the Writ of Summons is attached hereto as Exhibit ("Ex.") A.

2.     Plaintiff, Martin W. Nothstein ("Plaintiff") filed his Complaint on March 28, 2019. A copy of the State Action Complaint ("Compl.") is attached as Ex. B.

3.      Plaintiff alleges that USA Cycling published defamatory, false, and misleading statements concerning Plaintiff, causing him to sustain damages.  Compl. at ¶¶ 43, 54, 63, 66, 66, and 78, Ex. B.

4.      The Complaint asserts three counts against USA Cycling:  Defamation, Invasion of Privacy: False Light, and Invasion of Privacy – Intrusion Upon Seclusion.  Compl., Ex. B.

5.      According to the Complaint, Plaintiff is a citizen of the Commonwealth of Pennsylvania.  Compl. at ¶ 1, Ex. B.

6.      Defendant USA Cycling is a Colorado non-profit corporation with its principal place of business at 210 USA Cycling Point, Suite 100, Colorado Springs, CO 80919 and is, thus, a citizen of Colorado.  28 U.S.C. § 1332(c)(1).

7.      There is complete diversity of citizenship between Plaintiff (a Pennsylvania citizen) and Defendant (a Colorado citizen).

8.      Plaintiff alleges he is the "most highly decorated track cycling athlete" in United States history.  Compl. at ¶ 4, Ex. B.

9.      Plaintiff further alleges that following his cycling career, he began a career in politics, including serving on the Lehigh County Board of Commissioners and running for the newly formed Seventh Congressional District seat in the United States Congress.  Compl. at ¶¶ 8-10, Ex. B.

10.     Plaintiff claims that as a result of Defendant's alleged misconduct, he has sustained damages including but not limited to injury to his reputation and integrity (Compl. at ¶ 54(b)(c)), diminished earning capacity (Compl. at ¶ 54(f)), severe emotional and physical distress (Compl. at ¶ 54(g)); and "other damages" (Compl. at ¶ 78).  Plaintiff alleges that these injuries are "severe and permanent."  Compl. at ¶ 66, Ex. B.

11.     Each of the three counts in the Complaint seeks "damages in excess of $50,000.00." Compl., at pp. 10, 11, 13.

12.     In addition, Plaintiff seeks an award of punitive damages under each count. *Id.*; *see Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) ("[c]laims for punitive damages may be aggregated with claims for compensatory damages" when determining the amount in controversy).

13.     Based on the allegations of severe and permanent damages, as well as the request for punitive damages, there is a reasonable possibility that the amount in controversy is in excess of the $75,000 jurisdiction requirement, exclusive of interest and costs. *Hatchigan v. State Farm. Inc. Co.*, Civil Action No. 13-2880, 2013 U.S. Dist. LEXIS 96860, at *5 (E.D. Pa. July 11, 2013) (removal is appropriate where there is a "reasonable probability" that the amount in controversy exceeds the jurisdictional amount) (citing *Frederico v. Home Depot*, 507 F.3d 188, 196 n.6 (3d Cir. 2007)).

14.     Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, founded on the diversity of citizenship between Plaintiff and Defendant and because there is a reasonable probability that the amount in controversy exceeds $75,000.

15.     Judicial economy, fairness, and convenience to the parties will be served by removing the State Action to federal court.

16.     This Notice is timely filed, pursuant to 28 U.S.C. § 1446(b), within thirty (30) days of the filing of the Complaint.

17.     A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Lehigh County, Pennsylvania and is being served upon Plaintiff pursuant to 28 U.S.C. § 1446(d).

18.     All pleadings, process, orders, and other filings in the State Action are attached to

this Notice of Removal as Exhibits A and B, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Notice is given that the State Action is removed from the Court of Common Pleas of Lehigh County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI LLP**

BY:_____
        Alexander Nemiroff (Attorney ID 92250)
        Sara Anderson Frey (Attorney ID 82835)
        Three Logan Square
        1717 Arch Street, Suite 610
        Philadelphia, PA 19103
        (267) 602-2040/(215) 717-4009
        (215) 693-6650 (facsimile)
        anemiroff@grsm.com
        sfrey@grsm.com

Date: April 15, 2019        Attorneys for Defendant USA Cycling, Inc.

4

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, hereby certify that on the 15th day of April 2019, a true and correct copy of the foregoing Notice of removal was served upon the following via first class mail and/or electronic mail:

George Bochetto, Esquire
David P. Heim, Esquire
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, PA  19102

# EXHIBIT A

FILED 2/8/2019 2:18 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429    /s/L S

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
_____ LEHIGH _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**

- ☐ Complaint
- ☒ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| MARTIN NOTHSTEIN  AND CHRISTI NOTHSTEIN | USA CYCLING |

| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) | ☒ within arbitration limits ☒ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit?* ☐ Yes ☒ No | Is this an *MDJ Appeal?* ☐ Yes ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney:  DAVID P. HEIM, ESQUIRE

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

---

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☒ Slander/Libel/ Defamation
- ☐ Other:
  _____
  _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:
  _____
  _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:
  _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  
  _____
- ☐ Other:
  _____
  _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:
  _____
  _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
  _____
- ☐ Zoning Board
- ☐ Other:
  _____
  _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:
  _____
  _____

*Updated 1/1/2011*

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

Rule 205.5.    Cover Sheet

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i)        actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii)       actions for support, Rules 1910.1 et seq.

(iii)      actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv)      actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v)       actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi)      voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)       At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)       The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)       The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)       A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)       The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

FILED 2/8/2019 2:18 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429        /s/L S

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

**MARTIN NOTHSTEIN and CHRISTI NOTHSTEIN, h/w :**
3862 Jordan Road                                              :
Orefield, PA  18069                                           :          File No. 2019-C-0429
                                                              :
                            Vs.                               :
                                                              :          Civil Action
**USA CYCLING**                                               :
210 USA Cycling Point                                         :
Suite 100                                                     :
Colorado Springs, CO  80919                                   :
                                                              :
                                                              :

## PRAECIPE FOR SUMMONS

To the Clerk of Judicial Records -- Civil Division:

        Issue Summons in  Civil Action  in the above case.  Writ of Summons shall be issued and
forwarded to Attorney            .

Date: 2/8/19

                                                _____
                                                Signature of Attorney

                                                Print Name:   David P. Heim, Esquire
                                                Address:      BOCHETTO & LENTZ, P.C.
                                                              1524 Locust Street
                                                              Philadelphia, PA 19102
                                                Telephone:    (215) 735-3900
                                                Supreme Court ID No.: 84323

FILED 2/8/2019 2:18 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429      /s/L S

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| **MARTIN NOTHSTEIN and CHRISTI NOTHSTEIN, h/w** : | | |
| 3862 Jordan Road | : | |
| Orefield, PA 18069 | : | File No. 2019-C-0429 |
| | : | |
| vs. | : | |
| | : | Civil Action |
| **USA CYCLING** | : | |
| 210 USA Cycling Point | : | |
| Suite 100 | : | |
| Colorado Springs, CO 80919 | : | |
| | : | |
| | : | |

## WRIT OF SUMMON IN CIVIL ACTION

TO:   USA CYCLING

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED
AN ACTION AGAINST YOU.

Andrea E. Naugle
Clerk of Judicial Records

Date: 2/8/2019

Civil Division                          Deputy

Electronically Signed and
Sealed

# EXHIBIT B

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429      /s/A D

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

CIVIL DIVISION

MARTIN W. NOTHSTEIN                          :
                                             :
                          Plaintiff          :
              vs.                            :   File No.    2019-C-0429
USA CYCLING                                  :
                                             :
                          Defendant          :

NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the

following pages, you must take action within twenty (20) days after this complaint and notice are

served, by entering a written appearance personally or by attorney and filing in writing with the

court your defenses or objections to the claims set forth against you. You are warned that if you

fail to do so the case may proceed without you and a judgment may be entered against you by the

court without further notice for any money claimed in the complaint or for any other claim or

relief requested by the plaintiff. You may lose money or property or other rights important to

you.

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429      /s/A D

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO

NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.


IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE

TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER

LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.


LEHIGH COUNTY BAR ASSOCIATION

LAWYER REFERRAL SERVICE

P.O BOX 1324

ALLENTOWN, PENNSYLVANIA 18105-1324

TELEPHONE:  610-433-7094

Signature

David P. Heim, Esquire
(Name)

1524 Locust Street, Philadelphia, PA 19103
(Address)

215-735-3900
(Telephone Number)

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429      /s/A D

**BOCHETTO & LENTZ, P.C.**
By:  George Bochetto, Esquire
     David P. Heim, Esquire
I.D. No. 27783, 84323
1524 Locust Street
Philadelphia, PA  19102
T:  (215)735-3900
gbochetto@bochettoandlentz.com
dheim@bochettoandlentz.com                    *Attorneys for Plaintiff*

---

| | | |
|---|---|---|
| MARTIN W. NOTHSTEIN, | : | COURT OF COMMON PLEAS |
| | : | LEHIGH COUNTY |
| Plaintiff, | : | |
| | : | |
| v. | : | No.  2019-C-0429 |
| | : | |
| USA CYCLING | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

---

## COMPLAINT

Plaintiff, Martin W. Nothstein, by and through undersigned counsel, Bochetto & Lentz,

P.C., hereby files the following Complaint against Defendant, stating as follows in support

thereof:

## THE PARTIES

1.      Plaintiff, Martin W. Nothstein ("Plaintiff" or "Nothstein"), is an adult citizen of

the Commonwealth of Pennsylvania, residing at 3862 Jordan Road, Orefield, Lehigh County,

Pennsylvania 18069.

2.      Defendant, USA Cycling, is the national governing body in the United States for

the sport of cycling.  USA Cycling's website lists its national headquarters as 210 USA Cycling

Point, Ste. # 100, Colorado Springs, CO 80919.

3.      This civil action arises out of tortious and wrongful conduct that occurred in

Lehigh County.

1

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429      /s/A D

## FACTS COMMON TO ALL COUNTS

4.      Nothstein is the most highly decorated track cycling athlete the United States has ever produced, winning a Silver Medal at the Atlanta Olympics in 1996, a Gold Medal at the Sydney Olympics in 2000, and three separate World Championships.

5.      Nothstein, prior to the events complained of herein, enjoyed a global reputation of the highest caliber, both personally and professionally.

6.      Nothstein is also a native of the Lehigh Valley and throughout his racing career has consistently and publicly declared his love for, and allegiance to, the Lehigh Valley.

7.      Nothstein has also enjoyed and maintained an impeccable reputation of the highest caliber in the Lehigh Valley and its environs.

8.      In about 2015, Nothstein was elected to the Lehigh County Board of Commissioners after garnering the highest number of votes in the general election.

9.      In 2017, Nothstein was named Chairman of the Lehigh County Board of Commissioners.

10.     On or about October 19, 2017, Nothstein declared his candidacy for the newly formed Seventh Congressional District seat – a seat that was vacated by long-term Republican Congressman Charlie Dent.

11.     On or about October 30, 2018 – only eleven days after Nothstein declared for Congress – an "anonymous tipster" contacted USA Cycling and apparently accused Nothstein of engaging in sexual misconduct eighteen (18) years ago, in or about 2000 during the Olympic Games in Sydney, Australia.

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429    /s/A D

12.    In 2000, Nothstein was a twenty-eight year old Olympic cyclist who won a gold medal in the Sydney Olympics and he had no coaching or oversight responsibility over any other athlete.

13.    In 2000, Nothstein had no occupation or profession other than to race his bicycle on the international stage, at the highest level of competition.

14.    The so-called report was suspicious for a number of reasons.

15.    For one, the report surfaced over 18 years after the fact and a few days after Nothstein declared his candidacy for a hotly contested U.S. Congressional seat.

16.    Secondly, the report was not made by the victim of the alleged misconduct, but rather came from a third-party who apparently refused to reveal his or her identity.

17.    Ultimately, the report was proven to be a total fabrication.

18.    Indeed, the individual who was alleged to be the victim was eventually advised of the accusations against Nothstein and promptly signed a sworn Affidavit denying that Nothstein had ever committed any of the acts alleged by the anonymous tipster.

19.    Nevertheless, pursuant to the federal statute and regulations, USA Cycling was obligated to turn over the report from the anonymous tipster to the U.S. Center for SafeSport ("SafeSport"), a federal entity created by Congress to field and investigate any reports of sexual misconduct levied against any member or affiliate of an Olympic national governing body.

20.    While SafeSport ultimately determined there was no validity to the report and therefore closed its investigation in the matter, USA Cycling defamed Nothstein and violated his confidentiality and privacy rights during the pendency of the SafeSport investigation by leaking information about the report and investigation to the media and falsely reporting on its website that Nothstein had been suspended for "disciplinary" reasons.

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429      /s/A D

21.     USA Cycling is a member of the US Olympic Committee which in turn is a member of the International Olympic Committee, and therefore subject to the International Olympic Committee's "Framework For Safeguarding Athletes and Other Participants from Harassment and Abuse in Sport" ("IOC Framework").

22.     The IOC Framework, which applies to the USOC and its members, including USA Cycling, expressly provides that "all matters pertaining to alleged instances of harassment and abuse, in particular reports of harassment and abuse, personal information of the concerned persons, other information gathered during investigations and results of investigations *shall* be regarded as confidential."

23.     USA Cycling is likewise subject to the SafeSport Practices and Procedures for U.S. Olympic and Paralympic Movement, which contains provisions providing for "privacy" in connection with reported incidents, specifically stating that "information regarding a reported incident will be shared *only as necessary with investigators, witnesses and the Responding Party*."

24.     Despite these clear provisions, USA Cycling defamed Nothstein and violated his confidentiality and privacy rights during the pendency of the Safesport investigation.

25.     USA Cycling maintains a list of cyclists that are barred or suspended from the sport. USA Cycling labels the list "Not Authorized to Ride/Suspended Members."

26.     USA Cycling maintains this suspended cyclist list on its website, www.usacycling.org.

27.     On the suspended cyclist list USA Cycling reports the name and license number of the suspended cyclists, the state where the cyclist resides, the reason the cyclist is barred from riding, and the dates during which the cyclist is suspended.

4

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429      /s/A D

28.     On or about February 9, 2018, USA Cycling improperly placed Nothstein on the list of suspended cyclists with the suspension starting as of "2018-02-09."

29.     USA Cycling also falsely reported the reason Nothstein was on the suspended list as "Disciplinary."

30.     USA Cycling further provided that the length of Nothstein's supposed suspension was "Indefinite."

31.     True and correct copies of the screengrabs reflecting USA Cycling falsely listing Nothstein on the suspended cyclist list are attached hereto as Exhibit "A."

32.     USA Cycling placed Nothstein on the suspended cyclist list despite the fact that it knew:  (a) the anonymous report was still under confidential and private investigation by SafeSport, (b) the report itself was anonymous and of dubious credibility, and (c) Nothstein had not in fact been suspended by USA Cycling.

33.     The USA Cycling list of suspended cyclists is accessible and was in fact viewed by Nothstein's peers, who are USA Cycling members and who alerted Nothstein that he was on the suspended list.  Nothstein's peers inquired why Nothstein was listed as suspended "indefinitely" for a "disciplinary" reason.

34.     Further, the list of suspended cyclists is accessible by the entire membership of USA Cycling, which USA Cycling estimates to be "roughly 60,000 individuals comprised of racers and cyclists of all ages and abilities, coaches, officials, mechanics and race directors."

35.     USA Cycling acknowledged that it had defamed Nothstein and violated his rights to confidentiality and privacy.

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429      /s/A D

36.     Indeed, shortly after Nothstein's counsel demanded USA Cycling remove
Nothstein from the suspended list, USA Cycling fully complied and never again declared
Nothstein as having been suspended.

37.     In or about May 2017, USA Cycling further violated Nothstein's rights to privacy
and confidentiality by leaking information about the false, anonymous report to the media during
the SafeSport confidential and private investigation.

38.     In this regard, Jonathan Whiteman, a USA Cycling "risk protection manager"
voluntarily gave a phone interview to reporters from the *Morning Call* newspaper, during which
Whiteman improperly disclosed the following confidential and private information:

   a.   that he received a complaint about Nothstein on Oct. 30, 2017;

   b.   that he forwarded the complaint to SafeSport on Nov. 1;

   c.   that before referring it, he had gathered "enough specificity to allege a policy has
        been violated;" and

   d.   that the "allegation . . . included sexual misconduct."

39.     Whiteman's disclosures to the *Morning Call* were in direct violation of the
obligations to keep information about the report confidential and private.

40.     Further, Whiteman's disclosures and descriptions to the *Morning Call* were also
false and misleading in that he failed to disclose material information that would have made it
plain the report was of dubious credibility, including the fact that the alleged victim (who did not
actually make the report) had signed a sworn affidavit declaring Nothstein completely innocent
of the reported allegations.

41.     Although Nothstein's counsel initially convinced the *Morning Call* not to publish
a story in May 2018 based solely on USA Cycling and Whiteman's improper disclosures, the

6

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429      /s/A D

disclosures were eventually published by the *Morning Call* after the *Morning Call* journalists

separately confirmed the existence of the anonymous report through another improper disclosure

by Nothstein's former employer in or about August 2018.

## COUNT I

## DEFAMATION

42.    Plaintiff hereby incorporates the entirety of his Complaint as though same were

fully set forth herein at length.

43.    As set forth more fully above, USA Cycling purposely, maliciously, and

recklessly defamed Nothstein by publishing false and misleading statements of fact, which

included, but are not limited to:

   a.  falsely publishing on the USA Cycling website that Nothstein had been suspended

       "indefinitely" for "disciplinary" reasons when, in fact, Nothstein had not been

       suspended and had never been disciplined; and

   b.  implying the existence of false and defamatory facts by making partial,

       misleading disclosures to the media about the reported incident, without also

       disclosing the dubious credibility of the report and the fact that the alleged victim

       had sworn in an affidavit that the allegations were not true.

44.    The aforementioned statements were all published to a mass public audience.

45.    The aforementioned statements were defamatory per se as they ascribe to

Nothstein conduct, character, or a condition that adversely reflects upon, and has and will

adversely reflect upon, his fitness and/or perceived fitness to work in his professional career, as

well as unlawful criminal acts.

46.     Any and all persons who have read or heard, or will read or hear, the above defamatory statements understood, and will understand, the same as having a defamatory meaning.

47.     Any and all persons who have learned, or will learn, about the above defamatory statements from another, understood, and will understand, the same as having defamatory meaning.

48.     Any and all persons who have read or heard or will read or hear the above defamatory statements will understand that the same applies to Plaintiff.

49.     Any and all persons who have learned, or will learn, about the above defamatory statements from another understood, and will understand, that the same applies to Plaintiff.

50.     The above defamatory statements are false.

51.     USA Cycling and its agents knew, or should have known, when they published the above defamatory statements that they were false.

52.     When USA Cycling and its agents published the above defamatory statements, they were at a minimum negligent, and did so without conducting any investigation or an insufficient investigation into the truth of the Defamatory Statements.

53.     USA Cycling and its agents delivered and published the defamatory statements to third parties with actual malice and a reckless disregard for the truth of the statements expressed therein.

54.     As a direct and proximate result of the delivery and publication of the defamatory statements, Plaintiff has suffered injury, including, but not limited to:

      a.     Having ascribed to him conduct, character, or a condition that adversely reflects upon, and has and will adversely reflect upon, his fitness and/or perceived fitness for the proper conduct of his work in his chosen professional field;

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429      /s/A D

    b.      Having ascribed to him acts and failures to act that are improper and unlawfully impugn his integrity and blacken his reputation;

    c.      Exposing him to hatred, contempt, or ridicule and injuring him in his reputation;

    d.      Diminishing him in the estimation of the recipients of the defamatory statements and deterring persons from associating or doing business with him;

    e.      Causing him to lose credibility within the community;

    f.      Diminishing his earning capacity; and

    g.      Causing him severe emotional and physical distress.

55.    Assuming, *arguendo*, that USA Cycling and its agents were cloaked with any conditional privilege in their publication of the defamatory statements, they abused it and/or it does not apply to them because they delivered and published the same solely for the purpose of causing harm to Plaintiff, and/or with malice, and/or willfully, wantonly and with a reckless indifference to the rights of Plaintiff, and/or with improper motives, and/or with reckless disregard for the truth of the matter stated therein and/or with reckless disregard for Plaintiff's rights, and/or with gross negligence.

56.    Moreover, as set forth above, as a result of USA Cycling's and their agents' conduct, the defamatory statements spread beyond the individuals or group of individuals that were conditionally privileged to receive those statements.

57.    USA Cycling's actions toward Plaintiff were outrageous in character, go beyond all possible bounds of decency, and are to be regarded as atrocious and utterly intolerable in a civilized community.

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429      /s/A D

58.    As set forth above, USA Cycling and its agents intentionally, knowingly, purposefully, willfully, wantonly and/or recklessly, published the defamatory statements.

59.    Accordingly, USA Cycling's and its agents' actions were outrageous in that they were committed wrongfully, knowingly, oppressively, intentionally, with an evil motive, actual malice, wanton and reckless disregard for the law, gross negligence, and/or reckless indifference to the rights of Plaintiff, and therefore, Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the Defendant and damages in excess of $50,000.00, along with punitive damages, costs, and any such other relief this Court deems equitable and just.

## COUNT II
### INVASION OF PRIVACY:  FALSE LIGHT

60.    Plaintiff incorporates by reference all paragraphs of his complaint as if set forth fully herein.

61.    USA Cycling intentionally cast Plaintiff in a false light as set forth above.

62.    USA Cycling casting Plaintiff in a false light would be highly offensive to a reasonable person.

63.    All of the above defamatory statements were false and USA Cycling and its agents knew or recklessly disregarded the falsity of such statements.

64.    USA Cycling and its agents made the defamatory statements with the knowledge that doing so would harm Plaintiff's reputation in the eyes of his peers and members of his community.

10

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429     /s/A D

65.     USA Cycling statements casting Plaintiff in a false light were disseminated to a mass audience and/or USA Cycling reasonably should have anticipated that the statements would reach a mass audience.

66.     As a direct and proximate cause of having been cast in a false light by USA Cycling, Plaintiff's reputation has been damaged, his earning capacity has been greatly diminished, and he has suffered severe and permanent damage as set forth above.

67.     Defendants' conduct as set forth above was extreme, outrageous, to be regarded as atrocious, and utterly intolerable in a civilized community.

68.     Defendants' conduct as set forth above intentional, knowing, purposeful, willful, wonton and/or reckless, justifying punitive damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the Defendant and damages in excess of $50,000.00, along with punitive damages, costs, and any such other relief this Court deems equitable and just.

## COUNT III

### INVASION OF PRIVACY – INTRUSION UPON SECLUSION

69.     Plaintiff incorporates herein all the allegations of his Complaint as if set forth herein.

70.     "One who intentionally intrudes, physically or otherwise, on the solitude or seclusion of another person, or the person's private affairs or concerns, is responsible to that person for the harm suffered as a result of this invasion of privacy if a similar intrusion upon the solitude or seclusion or private affairs and concerns of a reasonable person would be highly offensive to that reasonable person." 17.220 (CIV) INVASION OF PRIVACY, Pa SSJI (CIV) 17.220.

11

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429    /s/A D

71.    As alleged above in detail, there were a variety of measures in place to protect the confidentiality of the SafeSport investigation and Nothstein's right to privacy, including, but not limited to the IOC Framework and SafeSport guidelines, both of which applied to USA Cycling as the national governing body for Cycling in the United States.

72.    These protections created a cloak of seclusion around the underlying accusations against Nothstein and the SafeSport investigation.

73.    USA Cycling's statements to the media and placing Nothstein on the suspended list were invasion of privacy, an intrusion upon seclusion, and a violation of the confidentiality cloaking the SafeSport investigation.

74.    The existence of the SafeSport investigation, and the underlying accusations made by an anonymous tipster, were intensely private matters in the life of Nothstein.

75.    USA Cycling and its agents knew that giving publicity to SafeSport investigation and the underlying accusations made by an anonymous tipster would cause severe damage to Nothstein's reputation, a reputation Nothstein had spent thirty years building in the Lehigh Valley and its environs.

76.    USA Cycling knew that giving publicity to the SafeSport investigation and the underlying accusations made by an anonymous tipster would cause severe damage to Nothstein's Congressional campaign.

77.    The acts of leaking confidential information to the media and listing Nothstein on the suspended cycling list was an unlawful invasion of privacy in the form of intrusion upon seclusion of private affairs and concerns of Nothstein that was highly offensive to Nothstein.

12

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429      /s/A D

78.    As a direct and proximate result of the various invasions of privacy alleged
herein, Nothstein suffered great harm to his reputation, emotional distress, and other damages,
for which Nothstein demands full, just and fair compensation.

79.    Considering all the circumstances and facts alleged herein, USA Cycling's
invasion of Nothstein's privacy was outrageous and oppressive, such that an award of punitive
damages is warranted to deter similar conduct.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the Defendant and
damages in excess of $50,000.00, along with punitive damages, costs, and any such other relief
this Court deems equitable and just.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

Dated: <u>March 28, 2019</u>

By: *   /s/ David P. Heim*
_____
George Bochetto, Esquire
David P. Heim, Esquire

*Attorneys for Plaintiff*

13

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429      /s/A D


## VERIFICATION

I, Marty Nothstein, Plaintiff in the above matter, hereby state that the facts and information set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I am aware that false statements of fact made knowingly are subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.


Marty Nothstein

FILED 3/28/2019 1:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2019-C-0429      /s/A D

**BOCHETTO & LENTZ, P.C.**
By:  George Bochetto, Esquire
      David P. Heim, Esquire
I.D. No. 27783, 84323
1524 Locust Street
Philadelphia, PA  19102
T:  (215)735-3900
ghochetto@bochettoandlentz.com
dheim@bochettoandlentz.com                         *Attorneys for Plaintiff*

---

| MARTIN W. NOTHSTEIN, | : | COURT OF COMMON PLEAS |
| | : | LEHIGH COUNTY |
| Plaintiff, | : | |
| | : | |
| v. | : | No.  2019-C-0429 |
| | : | |
| USA CYCLING | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

---

## CERTIFICATE OF SERVICE

I, David P. Heim, Esquire, hereby certify that on March 28th, 2019, I caused to be served

a true and correct copy of the foregoing *Complaint* upon the following counsel *via First Class*

*Mail*:

Alexander Nemiroff
Gordon & Rees
Three Logan Square
1717 Arch Street
Suite 610
Philadelphia, PA 19103
*Attorneys for Defendant, USA Cycling*

**BOCHETTO & LENTZ, P.C.**

By:  */s/ David P. Heim, Esquire*
      David P. Heim, Esquire

Date:  March 28, 2019