**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARTIN W. NOTHSTEIN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 5:19-cv-01631-EGS |
| | : |
| USA CYCLING, | : |
| | : |
| Defendant. | : |

**DEFENDANT USA CYCLING, INC.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, USA Cycling, Inc. (incorrectly named "USA Cycling") (hereinafter "Defendant" or "USA Cycling"), by and through its undersigned counsel, hereby answer the Complaint filed by Plaintiff Martin Nothstein ("Plaintiff") and assert Affirmative Defenses, as follows:

**THE PARTIES**

1. Admitted.

2. Admitted. By way of further answer, USA Cycling is a Colorado non-profit corporation.

3. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent any response is required, same are specifically denied and strict proof thereof is demanded at time of trial.

**FACTS COMMON TO ALL COUNTS**

4. Admitted in part, denied. It is admitted that Plaintiff won a Silver Medal at the Atlanta Olympics in 1996, a Gold Medal at the Sydney Olympics in 2000, and three separate World Championships. It is denied that Plaintiff is the most highly decorated track cycling athlete the United States has ever produced.

5. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, same are denied.

6. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, same are denied.

7. Denied. Defendant is without knowledge or information sufficient to determine the truth of the averments of this paragraph and therefore, same are denied.

8. Admitted in part, denied in part. It is admitted only that Plaintiff was elected to the Lehigh County Board of Commissioners in 2015. Defendant is without knowledge or information sufficient to form a belief as to the remaining averments of this paragraph and, therefore, same are denied.

9. Admitted.

10. Denied. On October 19, 2017, Plaintiff declared his candidacy for the 15th Congressional District, which was redistricted to the 7th Congressional District in February 2018.

11. Admitted in part, denied in part. It is admitted only that Defendant received a complaint on October 30, 2017, which triggered Defendant's mandatory reporting duties under the SafeSport Authorization Act ("SSAA"). The remaining averments are denied.

12. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, same are denied.

13. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, same are denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, same are denied. To the extent any response is required, the remaining averments are denied.

18. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, same are denied.

19. Admitted in part, denied in part. To the extent the averments of this paragraph constitute conclusions of law, no response is required and same are denied. It is admitted that USA Cycling was obligated to turn over the report to U.S. Center for SafeSport.

20. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and same are denied. To the extent any response is required, the remaining averments are denied.

21. Denied. The averments of this paragraph refer to a document in writing which speaks for itself and any attempt to interpret or construe same are denied. To the extent the averments of this paragraph constitute conclusions of law, no response is required and same are denied.

22. Denied. The averments of this paragraph refer to a document in writing which speaks for itself and any attempt to interpret or construe same are denied. To the extent the averments of this paragraph constitute conclusions of law, no response is required and same are denied.

23. Denied. The averments of this paragraph refer to a document in writing which speaks for itself and any attempt to interpret or construe same are denied. To the extent the averments of this paragraph constitute conclusions of law, no response is required and same are denied.

24. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied. The averments of this paragraph refer to documents in writing which speak for themselves and any attempt to interpret or construe same are denied.

32. Denied.

33. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, same are denied. To the extent any further response is necessary, the averments are denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are denied.

38. Admitted in part, denied in part. It is admitted only that Jonathan Whiteman spoke to a reporter from the Morning Call newspaper. To the extent the averments of this paragraph

constitute conclusions of law to which no response is required, same are denied. To the extent the averments of this paragraph refer to a document in writing, which speaks for itself, no response is required and said averments are denied. To the extent any further response is required, the averments of this paragraph are denied.

39. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent any further response is required, the averments of this paragraph are denied.

40. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent any further response is required, the averments of this paragraph are denied.

41. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, same are denied. To the extent any further response is required, the averments of this paragraph are denied.

## COUNT I
## DEFAMATION

42. Defendant hereby incorporates by reference Paragraphs 1 through 41 of its Answer to Plaintiff's Complaint, as if same were fully set forth herein at length.

43. Denied. The averments of this paragraph and subparagraphs (a)-(b) constitute conclusions of law to which no response is required. To the extent a response is required, the averments of this paragraph and subparagraphs (a)-(b) are specifically denied and strict proof thereof is demanded at time of trial.

44. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of

trial.

    45.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

    46.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

    47.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

    48.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

    49.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

    50.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the

averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

51. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

52. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

53. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

54. Denied. The averments of this paragraph and subparagraphs (a)-(g) constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph and subparagraphs (a)-(g) are specifically denied and strict proof thereof is demanded at time of trial.

55. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

56. Denied. The averments of this paragraph constitute conclusions of law to which no

response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

57. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

58. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

59. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Defendant USA Cycling demands judgment in its favor and against Plaintiff, together with reasonable attorneys' fees, costs, and all such other relief that this Honorable Court deems just and proper.

## COUNT II

## INVASION OF PRIVACY: FALSE LIGHT

60. Defendant hereby incorporates by reference Paragraphs 1 through 59 of its Answer to Plaintiff's Complaint, as if same were fully set forth herein at length.

61. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the

averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

62. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

63. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

64. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

65. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

66. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

67. Denied. The averments of this paragraph constitute conclusions of law to which no

response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

68. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Defendant USA Cycling demands judgment in its favor and against Plaintiff, together with reasonable attorneys' fees, costs, and all such other relief that this Honorable Court deems just and proper.

## COUNT III

## INVASION OF PRIVACY – INTRUSION UPON SECLUSION

69. Defendant hereby incorporates by reference Paragraph 1 through 68 of its Answer to Plaintiff's Complaint as if same were set forth herein at length.

70. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

71. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

72. Denied. The averments of this paragraph constitute conclusions of law to which no

response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

73. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

74. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, same are denied.

75. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

76. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

77. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

78. Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the

averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

79.    Denied. The averments of this paragraph constitute conclusions of law to which no response is required and, therefore, same are denied. To the extent a response is required, the averments of this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

WHEREFORE, Defendant USA Cycling demands judgment in its favor and against Plaintiff, together with reasonable attorneys' fees, costs, and all such other relief that this Honorable Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are, or may be, barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to immunity under the Safe Sport Authorization Act of 2017, 36 U.S.C. § 220541(d)

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because any statements made by Defendant were true or substantially true.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because any statements made by Defendant were opinions.

## SIXTH AFFIRMATIVE DEFENSE

Any statements made by Defendant were not made willfully, with actual knowledge, or

with knowledge of their alleged falsity.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because any statements made by Defendant were made without malice.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because he has failed to exhaust his administrative remedies.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery as any statements allegedly made about the Plaintiff constitute an absolute or qualified privilege.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any compensable injuries for which damages may be awarded

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise reasonable care and diligence to mitigate his damages, if any, and is, therefore barred from recovery such damages

### TWELFTH AFFIRMATIVE DEFENSE

The injuries complained of in the Complaint were caused by the conduct of third parties, persons, and/or entities over whom Defendant exercises no control and exercised no control at all times relevant to the alleged claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege a cause of action upon which punitive damages may be awarded under applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of

the Fifth and Fourteenth Amendment to the United States Constitution because the standards of liability for punitive damages under applicable law are unduly vague and subjective and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest

## FIFTHEENTH AFFIRMAMTIVE DEFENSE

Defendant hereby gives notice that it intends to rely on such other new matter affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to supplement and/or amend its answer to assert such affirmative defenses.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI LLP**

BY:   s/ Sara Anderson Frey
Alexander Nemiroff (Attorney ID 92250)
Sara Anderson Frey (Attorney ID 82835)
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
(267) 602-2040/(215) 717-4009
(215) 693-6650 (facsimile)
anemiroff@grsm.com
sfrey@grsm.com

Date: June 18, 2019                          Attorneys for Defendant USA Cycling, Inc.

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, hereby certify that on this 18th day of June, 2019, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses to be served upon all counsel of record via the court's ECF filing system.

/s/ Sara Anderson Frey
Sara Anderson Frey

1179892/45501855v.1