IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN W. NOTHSTEIN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 5:19-cv-01631-EGS |
| USA CYCLING, | : |
| Defendant. | : |

## STIPULATED PROTECTIVE ORDER

During discovery in this action, the parties may be required to produce documents, answer interrogatories and requests for admission, and provide testimony that might reveal confidential and proprietary business information personal, and/or private information that should not be disclosed except in a highly-restricted manner. The parties desire to accomplish and facilitate discovery in this action without jeopardizing business privacy interests in the confidentiality of this information. The undersigned parties therefore agree, and it is **SO ORDERED** that:

1. The parties may designate as "Confidential" any document, interrogatory answer, response to request for admission, deposition, or testimony that they give or produce in this case, provided that it contains *bona fide* nonpublic financial and business information medical records and information, mental health records and information, the names of alleged victims at issue, or the names of informants or tipsters, and/or it relates to an investigatory process which requires confidentiality pursuant to regulation, statute, or other applicable law. Any document or document designated as "Confidential" (hereinafter "Confidential Material") shall have the legend "CONFIDENTIAL" placed on it and thereafter shall be treated pursuant to the provisions

1

of this Stipulated Protective Order.

2. Confidential Material and the information contained therein shall be used solely for the purpose of conducting the above-captioned litigation and shall not be disclosed to anyone other than a person qualified under the terms of this Stipulated Protective Order as set forth in Paragraph 3, below.

3. Prior to trial, access to Confidential Material and to the information contained therein (including extracts and quotations derived from such material) shall be restricted to the following Qualified Persons:

    a. The attorneys working on this action on behalf of the parties, and their employees or agents on this action;

    b. The parties, their employees, officers, and agents who are working on this action and whose assistance is required in the preparation of the litigation arising from this action;

    c. Experts, consultants, electronic discovery vendors, and copy vendors who are employed or retained in connection with this action by any of the parties or their counsel, provided that they may not retain the Confidential Material after that use has ended, and agree in writing to treat such Confidential Material in accordance with the terms of this Order;

    d. Any witness in this litigation who is deposed or questioned, provided that such witness may not retain the Confidential Material after that use has ended;

    e. The Court and its support personnel and court reporters and videographers; and

    f. Any person designated by mutual agreement of the parties, or by the Court in the interest of justice, upon such terms as the Court may deem proper.

4. If a party wishes to designate a document as confidential after initial production or to designate matters identified in an expert report or deposition, it must do so in writing. The

recipient of such discovery material agrees to cooperate with the producing party either to treat designated matters in an expert report or deposition as confidential or remedy an inadvertent disclosure including, without limitation, the exchange of all such materials to the producing party so they can be labeled in accordance with Paragraph 1.

5. In the event that a party disagrees at any stage of these proceedings with another party's designation of any discovery material as Confidential Material, the parties shall attempt to resolve such dispute in good faith on an informal basis. If the disagreement cannot be resolved in this fashion, the objecting party may, by sealed motion, seek an order freeing that material from the designation as Confidential Material. Any material as to which such motion is made shall be treated as Confidential Material under the protection of this Order until further order of the Court.

6. In the event that any Confidential Material is filed with the Court, such filing shall be made only "UNDER SEAL" in compliance with the applicable court rules.

7. This Protective Order shall not prevent Confidential Material from being offered or received as evidence at trial. But, for such use at trial, Confidential Material shall continue to be treated in accordance with this Stipulated Protective Order.

8. Within thirty (30) days of the termination of this litigation, including the final determination of any appeal, each party and their counsel shall destroy or return at the expense of the producing party to counsel for the producing party, all Confidential Materials and all copies, quotations, summaries, or excerpts thereof received or prepared in this case, and shall completely delete and/or destroy all electronic copies of such Confidential Materials on any computer, flash drive, disc, or other storage device on which they have been stored or transmitted. All Confidential Material incorporated into an attorney's file including attorney work product,

attorney-client privileged communications, exhibits admitted at a public trial, electronic documents or documents filed under seal, may be retained subject to the terms of this Order and shall be accessible thereafter solely to the Qualified Persons identified in Paragraph 3(a).

9. In the event that any Qualified Person is served with a subpoena, document request, or other request for the production of Confidential Material, such recipient shall assert the existence of this Stipulated Protective Order and object to producing such documents. The recipient of the request shall promptly notify counsel for the producing party and shall not oppose the producing party's efforts to quash or prevent such disclosure.

10. This Stipulated Protective Order shall survive the termination of this litigation and the Court shall retain jurisdiction over the parties, their attorneys, agents, and employees, and all other Qualified Persons to enforce the provisions hereof.

11. Nothing contained in this Stipulated Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Material.

12. This Stipulated Protective Order represents a valid and binding agreement of the parties effective as of the date executed by their authorized representatives.

**GORDON REES**
**SCULLY MANSUKHANI, LLP**

By: _/s/ David P. Heim, Esq._  By: _/s/ Alexander Nemiroff, Esq._
David P. Heim, Esquire        Alexander Nemiroff, Esquire
George Bochetto, Esquire      Sara Anderson Frey, Esquire
Bochetto & Lentz, P.C.        Three Logan Square
1524 Locust Street            1717 Arch Street, Suite 610
Philadelphia, PA 19102        Philadelphia, PA 19103

*Attorneys for Plaintiff*     *Attorneys for Defendant*

BY THE COURT:

_____, J.

Date: 9/17/19

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, hereby certify that on this 16th day of September, 2019, I caused a true and correct copy of the foregoing Stipulated Protective Order to be served upon all counsel of record via the court's ECF filing system.

/s/ Sara Anderson Frey
Sara Anderson Frey