IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN W. NOTHSTEIN, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-1631 |
| v. | : | |
| USA CYCLING, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 19th day of October, 2020, after considering the objections to United States Magistrate Judge Marilyn Heffley's June 5, 2020 order filed by the plaintiff, Martin W. Nothstein (Doc. No. 85); and after also considering (1) the complaint (Doc. No. 1);[1] (2) the September 17, 2019 stipulated protective order (Doc. Nos. 17, 18); (3) the parties' confidentiality stipulation, which was entered as an order of court on January 6, 2020 (Doc. Nos. 29, 31); (4) the *amicus curiae* brief of the United States Center for Safesport on the Scope of 36 U.S.C. § 220541(d) (Doc. No. 57); (5) the plaintiff's motion to compel the production of unredacted documents (Doc. No. 63); (6) the defendant's memorandum of law in opposition to the motion to compel (Doc. No. 75); (7) Judge Heffley's June 5, 2020 order (Doc. No. 82); (8) the defendant's memorandum of law in opposition to the plaintiff's objections (Doc. No. 91); and (9) the plaintiff's reply memorandum of law in support of his objections (Doc. No. 95); and after considering the arguments from counsel for the parties during oral argument the court held via telephone on August 4, 2020; and for the reasons set forth in the separately filed memorandum opinion, it is hereby

---

[1] The complaint is attached as exhibit B to the notice of removal filed by the defendant, USA Cycling. *See* Doc. No. 1 at ECF pp. 12–28.

**ORDERED** that the plaintiff's objections to Judge Heffley's June 5, 2020 order are **SUSTAINED IN PART** and **OVERRULED IN PART** as follows:

1. The objections, to the extent that the plaintiff contends that Judge Heffley's June 5, 2020 order clearly errs because it permits redaction of non-privileged information pursuant to no applicable privilege, *see* Pl. Martin W. Nothstein's Obj. to the June 5, 2020 Order Under Fed. R. Civ. P. 72(a) at 1, Doc. No. 85; Pl. Martin W. Nothstein's Mem. of L. in Supp. of His Obj. to the June 5, 2020 Order Under Fed. R. Civ. P. 72(a) at 4–9, Doc. No. 85-2, are **OVERRULED**; and

2. The objections, to the extent that the plaintiff contends that Judge Heffley's June 5, 2020 order clearly errs and is contrary to law because it permits claw back of non-privileged documents, *see* Pl. Martin W. Nothstein's Obj. to the June 5, 2020 Order Under Fed. R. Civ. P. 72(a) at 2; Pl. Martin W. Nothstein's Mem. of L. in Supp. of His Obj. to the June 5, 2020 Order Under Fed. R. Civ. P. 72(a) at 9–10, are **SUSTAINED**. The specific portion of Judge Heffley's June 5, 2020 order which concluded that USAC's claw back of the first name of a reporter of alleged sexual abuse was proper, *see* June 5, 2020 Order at 3, is **VACATED**.

                                                BY THE COURT:

                                                /s/ *Edward G. Smith*
                                                EDWARD G. SMITH, J.